IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01026–CMA–KMT

ERNIE CALBART, SR.,

    Plaintiff,

v.

DENVER SHERIFF CAPT. SAUER,
DENVER SHERIFF SANTANGELO,
DENVER SHERIFF PACHCO, and
DENVER SHERIFF ESPINOZA,

    Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

Plaintiff's "Motion for Extension of Time" (Doc. No. 23, filed August 5, 2011) is DENIED. Plaintiff has failed to "state with particularity the grounds for seeking" an extension of time and has failed to "state the relief sought," as is required by Fed. R. Civ. P. 7(a)(1). Though Plaintiff requests and extension of time, he does not state for what reason an extension is sought.

Plaintiff's letter/request for assistance on "another Civil Action" that involves him and Denver City Attorney Suzanne Fasing (Doc. No. 27, filed August 8, 2011) is DENIED. To the extent Plaintiff seeks assistance with another civil action other than the one before this Court, he should file an appropriate motion with the court in which the other civil action is pending.

Plaintiff's "Motion for Leave to File an Amended Complaint" (Doc. No. 24, filed August 9, 2011) is DENIED without prejudice. Though the Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires, Fed. R. Civ. P. 15(a), when seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain all of the plaintiff's claims. Here, the plaintiff does not detail why he wishes to amend his complaint, nor does he

attach a proposed amended complaint to his motion. As a result, it is impossible to determine if the proposed amendment is permissible.

Dated: August 10, 2011