IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01026-LTB-CBS

ERNIE CALBART, SR.,
    Plaintiff,
v.

DENVER SHERIFF CAPT. SAUER,
DENVER SHERIFF SANTANGELO,
DENVER SHERIFF PACHCO, and
DEPUTY SHERIFF ESPINOZA,
    Defendants.

___

ORDER
___

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Plaintiff Mr. Calbart's "Motion to Handwriting Expert" (filed September 7, 2011) (Doc. # 41) (docketed by the Clerk of the Court as "Motion for Handwriting Expert and to Subpoena Denver Sheriff F. Espinota, Jordan, Sgt. Gillespie, Capt. Sauer"); (2) Mr. Calbart's "Motion to Handwriting Expert" (filed September 7, 2011) (Doc. # 42) (docketed by the Clerk of the Court as "Motion for Handwriting Expert and to Subpoena Denver Sheriff F. Espinota, Jordan, Sgt. Gillespie, Capt. Sauer"); and (3) Mr. Calbart's "Motion for Appointment of Counsel" (filed September 9, 2011) (Doc. # 45). Pursuant to the Order of Reference dated August 12, 2010 (Doc. # 33) and the memoranda dated September 8, 2011 (Doc. # 44) and September 13, 2011 (Doc. # 46), these matters were referred to the Magistrate Judge. The court has reviewed the matters, the entire case file, and the applicable law and is sufficiently advised in the premises.

1.    Motion for Handwriting Expert

Mr. Calbart appears to seek appointment of a handwriting expert witness, based on his assertion that Grievance No. 10-94020 is not his handwriting. The court finds no legal

1

authority to appoint and/or pay a handwriting expert to assist Mr. Calbart in the preparation of this civil suit for damages. The *in forma pauperis* statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (internal quotation marks and citation omitted). *See also Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983) (the right of access to the courts does not extend to provide witness fees for a witness an *in forma pauperis* prisoner claims to be essential to his case). Fed. R. Evid. 706 contemplates the appointment of an expert to aid the court, not the appointment of, and compensation for, an expert to aid one of the parties. *Hannah*, 523 F.3d at 600-01.

> [t]he plaintiffs' [former pretrial detainees] dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (affirming the district court's refusal to appoint an expert at government expense). Mr. Calbart's request for appointment of a handwriting expert is properly denied. The court's ruling does not prevent Mr. Calbart from retaining a handwriting expert witness himself.

2. Motion for Appointment of Counsel

Mr. Calbart was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on April 26, 2011. (*See* Doc. # 5). Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent

plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Calbart's request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Calbart is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Calbart has thus far adequately presented his claims unaided by counsel. Mr. Calbart's concerns regarding limited access to the law library may be addressed by extensions of time, as needed. Mr. Calbart's concerns regarding a "trial in this case, . . . conflicting testimony," presentation of evidence, and cross-examination of witnesses are premature at his stage of the case. Mr. Calbart has not presented and the court concludes that there is not an adequate basis for the court to request counsel to volunteer to represent Mr. Calbart.

Accordingly, IT IS ORDERED that:

1. Mr. Calbart's "Motion to Handwriting Expert" (filed September 7, 2011) (Doc. # 42) (docketed by the Clerk of the Court as "Motion for Handwriting Expert and to Subpoena Denver Sheriff F. Espinota, Jordan, Sgt. Gillespie, Capt. Sauer") is DENIED.

2. Mr. Calbart's "Motion to Handwriting Expert" (filed September 7, 2011) (Doc. # 41) (docketed by the Clerk of the Court as "Motion for Handwriting Expert and to Subpoena Denver Sheriff F. Espinota, Jordan, Sgt. Gillespie, Capt. Sauer") is DENIED as a duplicate of Doc. # 42.

3. Mr. Calbart's "Motion for Appointment of Counsel" (filed September 9, 2011) (Doc. # 45) is DENIED.

DATED at Denver, Colorado, this 14th day of September, 2011.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge